IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHERMAN HOUSE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. _____ |
| NAVIENT SOLUTIONS, LLC ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Navient Solutions, LLC ("NSL") removes the above-styled action from the Second Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville to the United States District Court for the Middle District of Tennessee under 28 U.S.C. §§ 1332 and 1441.

### I. BACKGROUND

1. On April 16, 2018, Plaintiff Sherman House ("Dr. House") commenced Case No. 18-C-933 in the Second Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville, styled *Sherman House v. Navient Solutions, LLC*. Dr. House's Complaint for Declaratory Judgment ("Complaint") seeks a declaration, among other things, that NSL "has no right, contractual or otherwise, to see payments or monies from [Dr. House] — either on [NSL's] behalf or on the behalf of any other individual or entity." *See* Compl.[1] at 3, ¶ 4.

2. NSL is the servicer for seven of Dr. House's private student loans (the "Loans"). **Exhibit A** at 1, ¶¶ 4 & 6.

3. NSL was served with the Complaint on April 18, 2018.

---

[1] A copy of the Complaint is included the state court pleadings attached to this Notice of Removal as **Exhibit C**.

1

## II. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

4. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). The amount in controversy also must exceed $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction exists here because the properly joined parties to this case are completely diverse and the amount in controversy exceeds $75,000.

**A.  Dr. House and Navient Solutions, LLC Are Citizens of Different States.**

5. The parties are diverse.

6. Dr. House is a citizen of Tennessee because he is domiciled in the State of Tennessee. *See* Compl. at 1, ¶ 1.

7. NSL is a Delaware limited liability company. *See* Compl. at 1, ¶ 2.

8. NSL's sole member is Navient Corporation, which itself is incorporated in and has a principal place of business in the State of Delaware. **Exhibit A** at 1, ¶ 3. Accordingly, Navient Corporation is a citizen of Delaware for diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

9. Because the citizenship of a limited liability company is determined by the citizenship of all its members, NSL is a citizen of Delaware for diversity jurisdiction purposes. *See Int'l Forest Products Corp. v. West*, No. 3:11-0120, 2011 WL 4056036, at *5 (M.D. Tenn. Aug. 8, 2011), *report and recommendation adopted*, 2011 WL 4063035 (M.D. Tenn. Sept. 13, 2011) (citing *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

**B.  The Amount in Controversy Exceeds $75,000.**

10. United States district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs," and the matter is between citizens of different states. 28 U.S.C. § 1332.

11. "Where a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Burkhart v. Starr Crest Owners Ass'n, Inc.*, No. 3:10-CV-91, 2010 WL 1687078, at *2 (E.D. Tenn. Apr. 26, 2010) (quoting *Jordan Ice Cream Co. v. Grange Mutual Casualty Company,* No. 06–142–DLB, 2006 WL 3497767, at *2 (E.D. Ky. Dec. 4, 2006)). "In other words, 'in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Id.* (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).

12. Here, Dr. House seeks a declaration eliminating his obligation to repay more than $243,000 in student loans serviced by NSL. *See* **Exhibit A** at 2, ¶ 9 & Exh. 1 (March 28, 2018 letter referred to in paragraph 6 of Dr. House's Complaint); *see also* Exh. 2 to Exh. A to Defendant Navient Solutions, LLC's Rule 12.02(6) Motion to Dismiss and Memorandum of Law in Support (January 29, 2018 letter from Brian Manookian to NSL identifying Loans).

13. Specifically, Dr. House's Complaint contests NSL's entitlement to obtain payments well in excess of $75,000. If successful on his claims, Dr. House's payment obligations under the Loans would be eliminated, resulting in a nearly quarter of a million dollar windfall to him. The amount in controversy therefore is clearly met.

### III. THE PROCEDURAL REQUIREMENTS HAVE BEEN MET

14. Removal of this action is timely under 28 U.S.C. § 1446(b)(2)(B) because the Complaint was served on NSL on May 18, 2018.

15. Venue is proper because the United States District Court for the Middle District

3

of Tennessee embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a).

16. NSL is the only defendant in this action; therefore, all defendants have either joined or consented to removal.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of all of the process, pleadings, and orders on file in the state court action are attached as **Exhibit B**.

18. A copy of this Notice of Removal has been filed with the Second Circuit Court of Davidson County, Tennessee for the Twentieth Judicial District at Nashville.

## IV. CONCLUSION

Removal of this action is proper under 28 U.S.C. 1332 as Dr. House's Complaint seeks relief well in excess of $75,000 against a defendant which is not a citizen of Tennessee, and each of the procedural requirements for removal has been met.

Dated: May 18, 2018

Respectfully submitted,

*/s/ Adam C. Ragan*
Adam C. Ragan
BPR No. 028557

**HUNTON ANDREWS KURTH LLP**
1445 Ross Ave., Suite 3700
Dallas, Texas 75202
214-468-3577
214-880-0011 (fax)
aragan@huntonAK.com

*Counsel for Defendant Navient Solutions, LLC*

## **CERTIFICATE OF SERVICE**

    I certify that on May 18, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                    */s/ Adam C. Ragan*
                                                    Adam C. Ragan