IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERMAN HOUSE | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-00472 |
| | ) | |
| v. | ) | |
| | ) | District Judge Waverly D. Crenshaw, Jr. |
| NAVIENT SOLUTIONS, LLC | ) | |
| | ) | Magistrate Judge Barbara D. Holmes |
| Defendant. | ) | |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff: Defendant Navient Solutions, LLC ("NSL") is an entity from which Plaintiff has never requested, borrowed, or received any amount of money. Plaintiff has never entered into a contract or other legal relationship with NSL. Nevertheless, NSL has demanded and continues to demand payment of monies from Plaintiff.

Plaintiff has repeatedly, in writing and through counsel, requested that NSL disclose the bases for its demands. To the extent NSL claims to have the authority or right to collect funds from Plaintiff on behalf of another individual or entity, Plaintiff has requested documentation of the same. NSL has refused to provide any evidence or documentation supporting its position that Plaintiff owes monies to NSL or some other individual or entity on whose behalf NSL is acting. There is a real and pending controversy as to whether NSL has any legal right to seek or demand monies from Plaintiff either on its own behalf or others.

NSL could have avoided this action, or put this action to rest, by simply documenting and confirming with evidence its status as a bona fide holder of debt of Dr. House or as a legitimate collector of the same on behalf of a bona fide holder. This is a simple and fundamental request to a third-party entity that Dr. House has never contracted with, but that now seeks payment from him of significant sums of money. NSL's continuing refusal to do so necessitates a declaration of this Court regarding Dr. House and NSL's rights and obligations regarding one another.

For Defendant: Defendant Navient Solutions, LLC ("NSL") services Dr. House's private student loans at issue in this lawsuit ("Loans"), on which Dr. House has

made payments to NSL and its predecessor entities for more than seven (7) years. There is no actual controversy about whether Dr. House obtained the Loans, whether Dr. House owes money under the terms of the Loans, or whether NSL is entitled to collect Dr. House's monthly payments on the Loans.

Dr. House instead seeks (a) to harass NSL and/or the holders of the Loans into settling his claim in the face of expensive and time-consuming litigation, or (b) to obtain a ruling from the Court eliminating his responsibility for the Loans—which had a total balance of $243,401.47 on or about March 28, 2018—on the off-chance NSL makes a mistake when proving its otherwise undisputed right to collect Dr. House's loan payments. The Complaint does not allege that any other person or entity is asserting a competing interest in Dr. House's Loans or seeking to collect his payments. Considering this, Dr. House's claim for declaratory relief is without legal or factual merit and should be dismissed with prejudice.

Allowing Dr. House's complaint to escape dismissal in the absence of an actual controversy would open the floodgates to frivolous lawsuits from student loan borrowers and mortgagors who, despite knowing who services their loan(s), are happy to take a pre-emptive, risk-free shot at a free education or house (or at least a cost-of-defense settlement). This Court should preserve its limited time and resources for consumers with legitimate claims in actual controversies.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Damages and liability.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before July 13, 2018.

F. CASE RESOLUTION PLAN AND JOINT ADR REPORTS: The parties propose this discovery plan:

(a) The parties agreed that no changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

(b) Discovery will be needed on these subjects:

Dr. House anticipates taking discovery on the following subjects: NSL's claims to hold debt owed by Dr. House; any contractual relationships between NSL and other entities purporting to hold debt by Dr. House; and any bases for NSL seeking payment of monies from Dr. House.

Defendant anticipates taking discovery on the following subjects: the allegations in Dr. House's complaint, including, without limitation, all communications or documents reflecting Dr. House's knowledge about the Loans, the benefits he

received by obtaining the Loan, payments he made to NSL on the Loans, and his continuing obligations to repay the Loans; all subjects identified by Dr. House; any opinion or report prepared by an expert retained to testify on Dr. House's behalf; and all facts relevant to Dr. House's demand for relief or NSL's defenses.

At this time, the parties agree that discovery should not be conducted in phases or be limited to or focused on particular issues.

(c) The parties agree that disclosure, discovery, or preservation of electronically stored information should be handed in accordance with Paragraph M of this Order.

(d) The parties agree to confer in good faith to resolve any issues about claims of privilege or of protection as trial-preparation materials.

(e) The parties agree that no changes should be made in the limitations on discovery imposed under these rules or by local rule.

For their case resolution plan, the parties agree to exchange written settlement offers and to conduct an informal settlement conference by telephone on or before November 13, 2018 [no later than 120 days from the initial case management conference]. If necessary, the parties further agree to complete a judicially conducted settlement conference pursuant to LR 16.04 or a private mediation pursuant to LR 16.05 on or before March 29, 2019 [the deadline for filing dispositive motions]. By no later than November 27, 2018, the parties shall submit a joint report confirming that the parties made a first good faith attempt to resolve the case. An updated joint report shall be filed by no later than April 12, 2019, and shall confirm the parties' second good faith attempt at case resolution or update the Court on the status of the intended second attempt. If a judicial settlement conference is requested in either joint report, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 22, 2019. Discovery is not stayed during dispositive or

other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after good faith discussions should be brought promptly to the attention of the Magistrate Judge either by a request for a discovery conference or a discovery motion, and all discovery motions shall be filed by no later than March 29, 2019. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than July 30, 2018.

I. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 16, 2018. The defendant shall identify and disclose all expert witnesses and reports on or before December 21, 2018. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

J. DEPOSITIONS OF EXPERT WITNESSES: All experts shall be deposed by no later than February 22, 2019.

K. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held on [to be determined by Court], to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including

propriety of ADR); and, any other appropriate matters.

L. DISPOSITIVE MOTIONS: Dispositive motions shall be filed by no later than March 29, 2019. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

M. ELECTRONIC DISCOVERY. The parties agree that their obligations to produce ESI during the course of discovery will be limited to the production of readily accessible records, communications, and other documents in PDF or TIFF format. Administrative Order No. 174 therefore need not apply to this case. Should either party desire to obtain ESI outside the scope of this agreement, the parties will confer in good faith to agree on the terms and scope of such additional discovery without judicial intervention. However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply. Each Party expressly reserves the right to object to any ESI request, as appropriate.

Consistent with Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production of any documents during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege, protection as trial preparation material and the work product doctrine, and no party shall be held to have waived any rights by such

inadvertent production. Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return, sequester or destroy the specified documents and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the information contained in a document subject to a claim of privilege has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The producing party shall preserve the specified information until the claim is resolved. The receiving party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection. The producing party will then have five (5) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege for protection. Any party may request expedited treatment of any request for the Court's determination of the claim. To the extent that the procedures set forth in this protocol are followed, it is the intent of the Parties that the inadvertent production of privileged or protected documents shall not operate as a waiver of any such privilege or protection pursuant to Fed. R. Evid. 502.

N. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for

modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2.f) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

O. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be

automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The bench trial of this action is expected to last approximately 1 day. A trial date no earlier than June 3, 2019 is respectfully requested.

It is so ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

APPROVED FOR ENTRY:

*/s/ Brian Manookian*
Brian Manookian
Attorney for Plaintiff

*/s/Adam C. Ragan*
Adam C. Ragan
Attorney for Defendant